IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01218-MSK-BNB

VILMA CISNEROS,

        Petitioner,

v.

ALBERTO GONZALES, Attorney General,

        Respondent.

_____

**OPINION AND ORDER DENYING MOTION FOR STAY OF EXECUTION OF REMOVAL PROCEEDINGS AND ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DENIED**

_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Petition for a Writ of *Habeas Corpus* **(# 1)** and Motion for Stay of Execution of Removal Proceedings **(# 2)**.

According to the Petition, the Petitioner is a citizen of El Salvador, present illegally in the United States since 1999. At some point in 2000, she was subjected to an order of removal. In April 2001, she applied for Temporary Protected Status under 8 U.S.C. § 1254a.[1] On November 19, 2001, the Petitioner's application for Temporary Protected Status was denied, allegedly due to the Petitioner not reporting a change of address to immigration authorities. The Petitioner

---

[1] According to 8 U.S.C. § 1254a, the Attorney General may designate countries as having ongoing armed conflict or suffering from certain other temporary obstacles to promptly and safely repatriating their citizens. 8 U.S.C. § 1254a(b)(1). An alien who is a citizen of such a designated country may be eligible for Temporary Protected Status, which suspends the operation of any removal order and authorizes the alien to engage in employment in the United States. 8 U.S.C. § 1254a(a)(1). *See generally Rodas v. Chertoff*, 399 F.Supp.2d 697, 704-05 (E.D.Va. 2005) (discussing Temporary Protected Status program); *U.S. v. Orellana*, 405 F.3d 360, 363-64 (5th Cir. 2005) (same).

again applied for Temporary Protected Status in 2003, and was granted such status on July 9, 2006. The Petitioner acknowledges that she is uncertain as to whether that grant of status remains currently in effect.

On January 23, 2007, the Petitioner was taken into custody by immigration officials and has remained in custody since that date. Since that time, the Petitioner, through counsel, has filed several applications with the Board of Immigration Appeals, seeking to reopen her case, to change venue, and to stay execution of the removal order. All such applications have been denied by the Bureau of Immigration and Customs Enforcement, and there is no indication that the Petitioner has – or indeed, can – appeal any of those denials to the appropriate Circuit Court.

The Petitioner states travel documents have been issued for her removal to El Salvador, and that her removal is imminent, and expected to occur within the next several days.

Although the Petition contains a section entitled "Claims," it is not clear precisely what claims the Petitioner intends to assert. That section of her Petition recites that she has exhausted her available administrative remedies; contends that the risk that she will suffer irreparable harm if she is removed outweighs any harm is staying her removal[2]; argues that a stay of her removal would serve the public interest; contends that execution of the removal order while she is subject to Temporary Protected Status would constitute a Substantive Due Process violation; and asserts that the Petitioner "was likely issued a removal order [in 2000] while she maintained legal Temporary Protected Status . . . thereby making removal orders and detention invalid." In addition, she contends that, if she currently possesses Temporary Protected Status, her removal is prohibited by 8 U.S.C. § 1254a(a)(1)(A). The Petition requests that execution of the removal

---

[2]The Petitioner states various facts that she contends demonstrate that she is entitled to political asylum. However, it is not clear whether she has properly made a formal asylum application, nor the results of any such application.

order against her be stayed until she can verify her current eligibility for Temporary Protected Status.

Contemporaneously with the Petition, the Petitioner filed a Motion for Stay of Execution of Removal Proceedings, requesting that her removal be stayed until her Petition is decided and "her requested immigration proceeding is complete." The Motion does not offer any additional factual or legal argument.

The Court has carefully reviewed the Petition and Motion, and believes that, on the face of those documents, the Petitioner has failed to adequately allege that she is entitled to relief. 28 U.S.C. § 2243 (court may deny relief if "it appears from the application that the applicant or person detained is not entitled thereto.")  Specifically, the Court believes that the Plaintiff has not adequately alleged that her current custody "is in violation of the Constitution of laws of the United States." 28 U.S.C. § 2241(c)(3).

The Petition itself does not specifically and concisely identify the grounds upon which the Petitioner alleges that her custody is obtained in violation of the Constitution or laws. In large part, the Petition itself reads more like a motion for preliminary injunctive relief than it does as a pleading, setting forth the grounds for the Petitioner's claims. It may be that Petitioner desires to assert either (i) that the 2000 removal order violated 8 U.S.C. § 1254a, because the Petitioner was subject to Temporary Protected Status at that time; and (ii) that the present attempt to remove the Petitioner violates 8 U.S.C. § 1254a, in that the Petitioner may be presently entitled to Temporary Protected Status, but it is unclear from the Petition.

In either case, the Petitioner has not alleged sufficient facts to support such claims. The Petitioner has not affirmatively alleged that she indeed held Temporary Protected Status at the

time her order of removal was entered in January[3] 2000.  The Petition alleges that she "obtained [Employment Authorization Documentation, a benefit available to aliens with Temporary Protected Status] in 2001," but the Petition is silent as to he status as of January 2000 when the order of removal was actually entered.  At best, the Petitioner speculates that she may have had protected status in January 2000 because "there is evidence that she had an Employment Authorization Document throughout 2002," but clearly, the fact that she possessed protected status in 2002 is no evidence that she held the same status two years earlier.[4]

The Petitioner's apparent contention that her removal would violate 8 U.S.C. § 1254a(a)(1) because she is <u>presently</u> enjoying Temporary Protected Status also appears to be defective for similar reasons.  The Petition does not affirmatively allege that the Petitioner currently enjoys protected status; rather, she admits that she does not know whether she is currently under protected status or not, and that she is attempting to investigate the matter further.       In sum, the Petition reveals that the Petitioner is uncertain as to whether there may be challengeable defects in either the issuance of her order of removal in 2000 or in the prospect of her imminent removal, and she hopes to delay her removal long enough to investigate those possibilities further.  The belief that further investigation <u>might</u> reveal a factual basis to challenge her removal is not the equivalent of a claim that her current custody is <u>actually</u> in violation of the Constitution or laws of the United States.  Thus, it does not appear to the Court that, as currently presented, the Petition facially demonstrates that the Petitioner is entitled to *habeas* relief. Nevertheless, rather than dismiss the Petition outright, the Court will grant the Petitioner the

---

[3]At some points in the Petition, the Petitioner contends that the order of removal was entered in February 2000.

[4]The Court does not express any opinion as to whether there may be other legal impediments to challenging the 2000 order of removal at this time.

opportunity to amend the Petition to clearly and concisely articulate the grounds upon which she contends that her current custody is occurring in violation of the Constitution or laws of the United States. If the Petitioner is able, consistent with Fed. R. Civ. P. 11, to allege claims giving rise to a cognizable *habeas* petition, the Court will revisit the issue of whether provisional relief is appropriate upon the filing of an Amended Petition and a properly-supported Motion for Temporary Restraining Order under Fed. R. Civ. P. 65(b).

Accordingly, the Petitioner's Motion for Stay of Execution of Removal Proceedings **(# 2)** is **DENIED** without prejudice. As soon as possible, and in no event later than 10 days from the date of this Order, the Petitioner shall file an Amended Petition setting forth facts giving rise to a cognizable claim for *habeas* relief or otherwise **SHOW CAUSE** why the Petition should not be dismissed for failure to state a claim.

Dated this 12th day of June, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge